UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARIE M. JOSEPH,<br>    Plaintiff | :<br>:<br>: |
| v. | :    C.A. No.: |
| | : |
| SRC PROVIDENCE, LLC d/b/a<br>WINGATE ON BLACKSTONE<br>BOULEVARD,<br>    Defendant | :<br>:<br>:<br>: |

## COMPLAINT

### I. Introduction

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful discrimination in employment the Plaintiff suffered in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq.*, the Rhode Island Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I.G.L. §42-112-1, *et seq.*

### II. Parties

1. The Plaintiff is a resident of the City of Cranston, County of Providence, State of Rhode Island.

2. SRC Providence, LLC d/b/a Wingate on Blackstone Boulevard ("Wingate"), is a limited liability company duly organized pursuant to laws of the Commonwealth of Massachusetts with its principal place of business located at 63 Kendrick Street, Needham, MA 02494 and maintains a facility at 353 Blackstone Blvd, Providence, RI 02906.

### III. Jurisdiction

3. This Court has jurisdiction over Plaintiff's claims under Title VII pursuant to 42 U.S.C. §2000e-5(f)(3) and supplemental jurisdiction over the Plaintiff's claims under the FEPA and the RICRA pursuant to 28 U.S.C. §1367.

### IV. Venue

4. Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Exhaustion of Administrative Remedies

5. On or about July 15, 2020, the Plaintiff timely filed a charge of discrimination against Defendant Wingate with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 21 ERE 008-02/16, and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No. 16J-2020-00185.

6. On or about January 5, 2021, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR and the EEOC issue a right to sue letter.

7. On or about January 6, 2021, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

8. On or about January 29, 2021, the Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

9. There is no requirement under the RICRA relative to the exhaustion of administrative remedies.

## VI. **Material Facts**

10. In or about April, 2018, the Plaintiff was hired as a per diem Certified Medication Technician ("CMT") at Defendant Wingate.

11. During her employment at Defendant Wingate, the Plaintiff's work performance was satisfactory and met Defendant Wingate's legitimate expectations.

12. The Plaintiff is a Seventh-Day Adventist.

13. As a Seventh-Day Adventist, the Plaintiff worships from Friday evening until Saturday evening. As a result, the Plaintiff cannot work Friday evenings to Saturday evenings.

14. During all relevant time periods, management-level employees at Defendant Wingate, including, but not limited to Maria Andreano ("Andreano"), were aware of the Plaintiff's religious belief.

15. During the Plaintiff's employment, Defendant Wingate employees and/or agents subjected her to discrimination based on her religion.

16. In May, 2019, the Plaintiff attended a cookout at Defendant Wingate.

17. During this cookout, Richard Dohring ("Dohring"), former Administrator at Defendant Wingate, inquired why the Plaintiff worked per diem instead of full-time.

18. In response to Mr. Dohring's inquiry, the Plaintiff informed him that she is a Seventh-Day Adventist and as a result, could not work Friday evenings to Saturday evenings. Thus, as a per diem CMT, she could reject Friday even to Saturday evening shifts.

19. Shortly thereafter, Mr. Dohring and the Plaintiff agreed that the Plaintiff would switch from a per diem to a full-time, Monday-Thursday schedule.

20. In addition, Mr. Dohring and the Plaintiff agreed that the Plaintiff would keep her hourly pay and continue to work in the same unit.

21. In June, 2019, the Plaintiff began to work her full-time, Monday-Thursday schedule.

22. Kevin Williams ("Williams"), a manager at Defendant Wingate, was aware of the Plaintiff's new full-time schedule.

23. In or about June, 2019, the Plaintiff asked Mr. Dohring to have her new full-time schedule and their aforementioned agreement put into writing.

24. On two (2) separate occasions, the Plaintiff spoke to Lillian-Jane Delmonico ("Delmonico"), a human resource representative at Defendant Wingate, regarding her aforementioned agreement with Mr. Dohring.

25. Ms. Delmonico informed the Plaintiff that the agreement needed to be in writing and that she would discuss it with Mr. Dohring.

26. In July, 2019, Mr. Dohring was terminated from his employment at Defendant Wingate.

27. Approximately two (2) weeks later, Mr. Williams resigned from his employment at Defendant Wingate.

28. In August, 2019, Defendant Wingate hired an interim manager, Linda.[1]

29. Shortly thereafter, the Plaintiff informed Linda of her aforementioned agreement with Mr. Dohring.

30. Linda had no issue with the Plaintiff's full-time schedule.

31. In December, 2019, Defendant Wingate hired Ms. Andreano as its new Administrator.

---

[1] At this time, the Plaintiff is unaware of Linda's last name.

32. On January 31, 2020, Ms. Andreano held a staff meeting. During this meeting, Ms. Andreano told Defendant Wingate employees and/or agents that, beginning March 1, 2020, all employees and/or agents were required to work weekend shifts. In fact, Ms. Andreano's PowerPoint stated, "starting in March ALL staff will be scheduled for weekend shifts (no exceptions)."

33. On or about February 6, 2020, Ms. Andreano met with the Plaintiff and Janet Baylis, an employee on Defendant Wingate's Alzheimer's Unit.

34. During this meeting, Ms. Andreano, while looking directly at the Plaintiff said, "everyone will be floated and no one can pick the days they work anymore."

35. After the aforementioned meeting, the Plaintiff approached Ms. Andreano and informed her that she is a Seventh-Day Adventist and as such, could not work Friday evenings to Saturday evenings.

36. The Plaintiff also informed Ms. Andreano of her aforementioned agreement with Mr. Dohring and that her full-time schedule had not been an issue since being implemented.

37. In response, Ms. Andreano told the Plaintiff, "you have to choose between coming to work on Saturdays or going to church on Saturdays."

38. Ms. Andreano failed and/or refused to offer the Plaintiff an accommodation for her sincerely held religious belief.

39. On February 24, 2020, the Plaintiff was constructively discharged from her employment at Defendant Wingate.

### VII. Claims For Relief

40. The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-39 above.

5

### Count One
### Unlawful Discrimination—42 U.S.C. §2000e, *et seq.*

41.  Defendant Wingate, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Title VII.

### Count Two
### Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

42.  Defendant Wingate, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her religion in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

### Count Three
### Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

43.  Defendant Wingate, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her religion insofar as said actions and/or omissions resulted in the termination of an employment contract and the loss of benefits, terms and conditions of a contractual relationship existing between the Plaintiff and the Defendants in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

### VIII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment that Defendant Wingate, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

2. enjoining and permanently restraining Defendant Wingate from violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

3. award the Plaintiff back pay, including incremental increases, pension benefits, health and dental benefits and other benefits, plus prejudgment interest thereon;

4. award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5. award the Plaintiff punitive damages;

6. award the Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a)(1);

7. award the Plaintiff reasonable attorney's fees and costs of litigation; and,

8. such other and further relief as the Court deems just and proper.

## IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire, and Jessica A. Roberge, Esquire as trial counsel.

PLAINTIFF,
By her attorneys,
**FORMISANO & COMPANY, P.C.**

Dated: February 5, 2021

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)

/s/ Jessica A. Roberge
Jessica A. Roberge (#10179)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com
mpushee@formisanoandcompany.com
jroberge@formisanoandcompany.com

## CERTIFICATION

I hereby certify that on the 5th day of February, 2021, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano